UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMIA

In re:

ETENAT ZEGEYE,

Debtor.

Case № 1:23-00201-ELG

JOINDER TO OBJECTION TO UNITED STATES TRUSTEE'S MOTION TO DISGORGE FEES AND IMPOSE FINES ON BANKRUPTCY PETITION PREPARER FOR VIOLATIONS OF 11 U.S.C. § 110

I, **Eugene J. Kernan, Party in Interest**[1], *in esse*; *In Propria Persona*, **hereby JOIN in** OBJECTION to UNITED STATES TRUSTEE'S MOTION TO DISGORGE FEES AND IMPOSE FINES ON BANKRUPTCY PETITION PREPARER FOR VIOLATIONS OF 11 U.S.C. § 110{[2]} filed April 4, 2024 (Doc # 87; hereinafter "ACTING TRUSTEE'S MOTION") brought by Gerard R. Vetter, Acting United States Trustee for Region Four (Docs 81, 81-1, 81-2); and, in responding *in esse*; *In Propria Persona*, to NOTICE OF MOTION AND HEARING AND DEADLINE TO OBJECT (Doc 83), herein JOIN in asserting:

With regard to ¶¶ 1 through 4, 6, and 7 of ACTING TRUSTEE'S MOTION, the veracity thereof is not questioned, as the record appears to confirm same. More specifically:

With particular regard to ¶ 1, "The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding... or is a proceeding that is otherwise related to a case under title 11...". 28 U.S.C. § 157(b)(3).

In respect of the foregoing, the vague citation to 28 U.S.C. § 157 (while not incorrect) is concerning, and Motion is herein made for the "...judge [to] determine...

---

[1] As established in the ACTING TRUSTEE'S MOTION TO DISGORGE.
{[2] Incorporated *verbatim*, below, with edits / additions in "**bold curly brackets**", thusly:} {}.

whether [this instant] proceeding is a core proceeding… or is a proceeding that is otherwise related…", so that the question will be preserved for appeal if appeal be necessary.

With regard to ¶ 3, although the record appears to confirm this assertion, Debtor's (Ms. Zegeye's) testimony at hearing hereupon as to her understanding of the relationship with Intrepid Paralegal Solutions, Inc., and testimony of Jessica Schulze (as attorney for the Debtor) as well as Daniel Manoff with Intrepid Paralegal Solutions, Inc., as to Debtor's stated intention in initiating the relationship **{is irrelevant to myself}**. It is expected that several B2550's (Form[s] 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) and B2560's (Form[s] 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) will be required to obtain Debtor's, Schulze's, and Manoff's testimony – and perhaps of others as yet unknown – at hearing on ACTING TRUSTEE'S MOTION, and effect production thereat of pertinent records. A separate request to the Clerk for Subpoenas is included in the delivery for filing in this instant action.

With regard to ¶**{¶ 3 and}** 5, I have no personal knowledge of Debtor's Bank of America account; nor do I have personal knowledge of any amount "Debtor paid Intrepid". Further, **{for clarity}**, I challenge the relevancy of ¶**{¶ 3 *and*}** 5 to ACTING TRUSTEE'S MOTION.

With regard to ¶¶ 8 through 11, I have no knowledge of Debtor's alleged testimony, noting that the record reflects that a "Notice of Continued Hearing Filed by Rebecca A. Herr on behalf of Rebecca A. Herr" (DOC № 45) – filed on October 24, 2023 – reset the 341 meeting to "11/13/2023 at 10:00 AM" (sic) **{There is no Docket Entry for 11/13/2023}**; but the **{subsequent}** record reference**{s}** to a 341 meeting **{are, consecutively, described as "Section 341 Meeting of Creditors was held for**

2021 and 2022 tax returns..." and "DISREGARD THIS DOCKET ENTRY, ENTERED IN ERROR"} 11/21/2023. From the record, it appears that no {[documentation of the alleged]} "341 meeting... continued to November 13, 2023..." ever occurred, rendering the assertions in ¶¶ 8 through 11 implausible, at best. Debtor's testimony at hearing hereupon, currently scheduled for April 12, 2024[3], and is included in the separate request to the Clerk for Subpoenas.

With regard to ¶ 12 and "Exhibit A", it is believed that said paragraph and "Exhibit", together, accurately reflect the facts.

With regard to ¶ 13 I have no personal knowledge of "...various amended schedules...", and I challenge the relevancy of ¶ 13 to the instant ACTING TRUSTEE'S MOTION.

With regard to ¶¶ 14 through 16, see COUNTERARGUMENT, below.

### COUNTERARGUMENT

### Re: 11 U.S.C. § 110, Generally

In opening the ARGUMENT for ACTING TRUSTEE'S MOTION, Acting Trustee's counsel quotes language attributed to "U.S. *Trustee v. Maali (In re Ortega)* (sic), 614 B.R. 1, 12-13 (Bankr. D. Mass. 2020) citing *U.S. Trustee v. Burton (In re Rosario)*, 493 B.R. 292, 328 (Bankr. D. Mass. 2013) and *U.S. Trustee v. Assaf (In re Briones-Coroy)*, 481 B.R. 685, 691 (Bankr. D. Colo. 2012), *e.g.,*:

> "...to protect vulnerable consumers experiencing financial distress from falling prey to non-lawyers engaged in the unauthorized practice of law by advising and assisting debtors in filing bankruptcy cases...", and referring to "...anything more than a typing, data entry, or photocopying service is in violation...".

Meaning no disrespect to the Massachusetts or Colorado bankruptcy courts, neither "...to protect *vulnerable consumers*...", nor "...*falling prey* to non-lawyers..."

---

[3] A Motion to Reschedule the April 12, 2024 hearing is filed concurrently herewith, to allow time to serve Form 2550 – Subpoenaes, either for depositions or live testimony, and to conduct such other discovery as

(ITALIC EMPHASES ADDED) is found in 11 U.S.C. § 110; nor is "...anything more than a typing, data entry, or photocopying service..." found therein. Further, no such language is found in the relevant underlying enactments, *viz*, PUBLIC LAW 103-394—OCT. 22, 1994 108 STAT. 4106, *et seq.*, or in Pub. L. 109–8, 119 STAT. 23, *et seq.*. In fact, the closest such language is found – only – in the Congressional Record, Volume 140, Number 145 (Friday, October 7, 1994), wherein Senator Metzenbaum of Ohio opined regarding a need for the "Bankruptcy Reform Act of 1994". I respectfully contend that statutory interpretation begins "with the language of the statute." *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016), 579 U.S. ____ (2016), citing *Barnhart v. Sigmon Coal Co.*, 534 U. S. 438, 450 (2002), and that when the language of that statute is clear, the inquiry "ends there as well." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999); See also: *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019), 589 U.S. ____, (citing *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992))4. Therefore, I respectfully OBJECT to counsel's reliance upon *dicta*. Further,

In enacting PUBLIC LAW 103-394—OCT. 22, 1994 108 STAT. 4106 – the "Bankruptcy Reform Act of 1994" – the 103rd Congress specifically declared, in SEC. 308, at 4135: ""(3) A bankruptcy petition preparer who fails to comply with paragraph (1)5 may be fined not more than $500 for each such failure **unless the failure is due to reasonable cause**" (bold emphasis added), effectively inculcating in said Enactment a *mens rea* exemption into the "fines" issue. However, according to the "Amendments" noted in 11 U.S.C. § 110, when Congress enacted Pub. L. 109–8, 119 STAT. 23, § 221(2)(B) – the "Bankruptcy Abuse Prevention and Consumer Protection

---

may be necessary.
4 Source: BRIEF OF STATUTORY INTERPRETATION SCHOLARS AS AMICI CURIAE IN SUPPORT OF RESPONDENTS filed in U.S. Supreme Court in *Tanzin, et al v Tanvir, et al,* See Also *Slip Op.*, No. 19–71, Decided, 592 U. S. ____ (2020).
5 Per "...the language of the statute" 11 U.S.C. § 110, "(c)(1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that

Act of 2005" – the 109th Congress, in § 221(2)(B), 119 STAT. at 61: "added par. (2) *and struck out former par. (2)*" – perhaps inadvertently – eliminating the "unless the failure is due to reasonable cause" *mens rea* exemption introduced in the "Bankruptcy Reform Act of 1994", SEC. 308, 108 STAT. at 4135.

Based upon the foregoing, **{I herein contend[]}** that Congress' elimination of said *mens rea* exemption is an affront to the contract clause of Article I, section 10, "No State shall . . . pass any . . . Law impairing the Obligation of Contracts..." Overview of Contract Clause | Constitution Annotated | Congress.gov | Library of Congress, elaborating, at Footnote 2, "The Supreme Court has long considered contractual "obligations" to encompass both the express terms of an agreement and the underlying state law regarding interpreting and enforcing contracts upon which the parties relied when they made the contract". It is contended that ¶ 12 of ACTING TRUSTEE'S MOTION, together with "Exhibit A", attached thereto – and presumably incorporated by reference – graciously and sufficiently establish the existence of a contract. More importantly,

The Preamble to the Bill of Rights states, in clear terms, that "The Conventions of a number of the States, having at the time of their adopting the Constitution, expressed a desire, *in order to prevent misconstruction and abuse of its powers, that further **declaratory and restrictive clauses** be added:...*". (emphases added).

Therefore, in addition to – that is, regardless of the contract clause of Article I, section 10 – the First Amendment rights of Free Speech and Association protect the right to contract. *See: NAACP v. Button*, 371 U.S. 415, 432–33 (1963) "*Held*: The activities of petitioner, its affiliates and legal staff shown on this record are modes of expression and association protected by the First and Fourteenth Amendments" ; "Even

---

identifies individuals who prepared the document"

though the First Amendment's text does not expressly identify a 'freedom of association,'" *Griswold v. Connecticut*, 381 U.S. 479, 482 (1965); "the Supreme Court has recognized this right as 'an indispensable means of preserving' other First Amendment freedoms." *Roberts v. United States Jaycees*, 468 U.S. 609, 618 (1984); and "the right of union officers to hold what political views they choose *and to associate*" (italic emphasis added), *American Communications Assn., v. Douds*, 339 U.S. 382, 389, (1950); and include the Fourteenth Amendment's due process clause, as held in *Lochner v. New York*, 198 U.S. 45 (1905): "The Due Process Clause of the Fourteenth Amendment protects the individual right to freedom of contract", and, as held earlier in *Allgeyer v. Louisiana*, 165 U.S. 578, 589 "The "liberty" mentioned in that amendment… is deemed to embrace the right of the citizen to be free in the enjoyment of all his faculties, to be free to use them in all lawful ways, to live and work where he will, to earn his livelihood by any lawful calling, to pursue any livelihood or avocation, and for that purpose to enter into all contracts which may be proper, necessary, and essential to his carrying out to a successful conclusion the purposes above mentioned", as well as, arguably, the due process of law and property protection guarantees of the Fifth Amendment – among the specific "…declaratory and restrictive clauses…" included in the Bill of Rights' Preamble – which property protection necessarily includes labor as property. Further,

For purposes of this OBJECTION, and ACTING TRUSTEE'S MOTION, the court and its officers are reminded of the maxim: *Ignorantia Juris Non Excusat* (alternatively, *Ignorantia legis neminem excusat*).[6] With particular respect to 11 U.S.C. § 110, it is contended that Congress – in apparent ignorance of the "Supreme Law of the Land", Constitution of the United States, Art. VI, Cl. 2, and the mandate that "The Senators and

---

[6] Aaron X. Fellmeth and Maurice Horwitz, Guide to Latin in International Law (2 ed.), Oxford University

Representatives before mentioned … and all executive and judicial Officers… shall be bound by Oath or Affirmation, to support this Constitution", <u>Constitution of the United States, Art. VI, Cl. 3</u> – are not, may not and cannot be excused for exceeding Article I legislative authority in enacting PUBLIC LAW 103-394—OCT. 22, 1994 108 STAT. 4106, SEC. 308, at 4135, and amending same in Pub. L. 109–8, 119 STAT. 23.

In particular, the provision in 11 U.S.C. § 110(c) (inclusive) – for reasons detailed below – effectively bars compliance with §§ (b), (c), (d), (e), (f), and (g) (whether or not otherwise applicable), and that bar should render 11 U.S.C. § 110(h) *in toto* unenforceable. Alternatively,

The Supreme Court, in what can only be reasoned as an Article III check upon Congress' apparent separation of powers violation in presuming to *legislatively* "authorize", in <u>28 U.S.C. § 2072</u>, the **{separate and equal}** judicial branch's "…power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts" – necessarily including the bankruptcy courts as within the latter – was the prescription <u>Fed.R.Bankr.P. Rule 1007(f)</u>[7].

As expressed in "The Constitutional Separation of Powers Between the President and Congress", by WALTER DELLINGER, Assistant Attorney General, Office of Legal Counsel (Opinions of the Office of Legal Counsel in Volume 20), May 7, 1996, "…we are mindful of the special role of the courts in the interpretation of the law of the Constitution…", thereafter quoting *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803): "It is emphatically the province and duty of the judicial department to say what the law is."

From a 14th Amendment equal-under-the-law perspective, "…what the law is…"

---

Press, 2021.
[7] Notably, Fed.R.Bankr.P. Rule 1007(f) specifically states, "An individual debtor shall submit a verified statement that sets out the debtor's social security number, *or states that the debtor does not have a*

includes the option provided by Fed.R.Bankr.P. Rule 1007(f){, see *legislatively* **"authorize", above}** to a "debtor [to] submit a verified statement that… states that the debtor does not have a social security number…"; an option that must be afforded to who**{soever}** might otherwise fall prey to 11 U.S.C. 110(a)'s definition of "bankruptcy petition preparers", as well as **{a "debtor"}**.

Were the Fed.R.Bankr.P. Rule 1007(f) option made known, publicly, the instant ACTING TRUSTEE'S MOTION would never have arisen, as I would have, most assuredly, availed myself of Fed.R.Bankr.P. Rule 1007(f), by "…submit[ting] a verified statement that… states that [I] do[] not have a social security number…" (as discussed below). In that regard,

It bears repeating that both PUBLIC LAW 103-394—OCT. 22, 1994 108 STAT. 4106, SEC. 308, at 4135, and Pub. L. 109–8, 119 STAT. 23, Subtitle C, at 60 § 221(2)(B), – that is, 11 U.S.C. § 110(c) (inclusive) effectively bars compliance with 11 U.S.C. § 110 on the part of one who otherwise would fall within the definition of "bankruptcy petition preparer".

As to such imposition(s), Fed.R.Bankr.P. Rule 1007(f) clearly contemplates the existence of one who "does not have a social security number". The salient issues raised by such imposition(s) are that 1) pursuant to Art. VI, Cl. 2 and Art. VI, Cl. 3, cited above, Congress is and was without authority to impose inclusion of a number that arises from voluntary participation in a benefit scheme – *See:* Form SS-5 (10-2021) UF Page 4 of 5, PRIVACY ACT STATEMENT – that has the **{e}**ffect**{[]}**of converting the participant's status to "federal personnel" as defined in 5 U.S.C. § 552a(a)(13)[8], attached; and thereby

---

social security number…". (italic emphasis added)
[8] "[T]he term "Federal personnel" means officers and employees of the Government of the United States, members of the uniformed services (including members of the Reserve Components), **individuals entitled to receive immediate or deferred retirement benefits under any retirement program of the Government of the United States (including survivor benefits)**", 5 U.S.C. § 552a(a)(13)

2) forces the use of certain "...property of SSA..." *See:* 20 C.F.R. 422.103(d), attached, which, pursuant to that federal regulation, "...must be returned upon request..."[9]. Furthermore,

Said Form SS-5's PRIVACY ACT STATEMENT fails to meet the standard established more than 50 years ago in *Brady v. United States*, 397 U.S. 742, at 748: "Waivers of constitutional rights not only must be voluntary, but must be knowing, intelligent acts *done with sufficient awareness of the relevant circumstances and likely consequences...*" (italic emphasis added), because the Form **{SS-5}** fails to provide "...sufficient awareness of the relevant circumstances and likely consequences..." (effectively becoming "federal personnel") by omitting reference to 5 U.S.C. § 552 (o)(1)(D)(1), regarding limited applicability to, *e.g.*, "(i) *applicants for and recipients of financial assistance or payments under Federal benefit programs*, and (ii) applicants for and holders of positions as Federal personnel..." (italic emphasis added).

Based thereupon, it is herein contended that such stealthy "voluntary" conscription into government service – *See:* the statutory definition of "Federal personnel", *n* 3, above, *See also:* BRIEF OF STATUTORY INTERPRETATION SCHOLARS AS AMICI CURIAE IN SUPPORT OF RESPONDENTS (and cases cited therein) and *See* also, *Tanzin, et al v Tanvir, et al, Slip Op.*, No. 19–71, 592 U. S. \_\_\_\_ (2020), regarding statutory definition – violates the *Brady* standard.

In further support of the assertion of unwilling preclusion by way of 11 U.S.C. § 110(c), and of a right under Fed.R.Bankr.P. Rule 1007(f)'s option, "...or submit a verified statement that... states that [I] do[] not have a social security number...", there exists nearly three (3) decades of Federal Record evidence – as defined in federal law and regulations – 44 U.S.C. §§ 3101, 3301, Pub. L. 90–620, Oct. 22, 1968, 82 Stat. 1297;

---

[9] There is no language in 20 C.F.R. 422.103(d) purporting to restrain return of said "...property of SSA..."

1299; 36 C.F.R. § 1222.10(a), (b)(3), and (5); 36 C.F.R. § 1222.12(a) through (c); 36 C.F.R. § 1222.20(b)(2); 36 C.F.R. § 1222.22(a), and (d); and, 36 C.F.R. § 1222.24, *et seq.*, – sufficient to demonstrate that the "...property of SSA..." **{fraudently "assigned" via Form SS-5's inherent *Brady* violation,}** described above was, in fact, "...returned...", in 1995; and that such "return [of] ...property of SSA..." was based upon certain agencies' failure *See*: 5 U.S.C. § 551(4), cited below, to produce – as required by the Freedom Of Information Act, the Privacy Act, as amended, and other laws and regulations (for example, 26 U.S.C. § 6110) – records, as defined (see above) – of agency action(s), *See*: 5 U.S.C. § 551(4) through (7), (10)(G), (12), and (13) – that are required – by the above-cited laws and regulations – to be "made", "received", and "preserved" to protect "the legal and financial rights of the Government and of persons directly affected by the agency's activities..." 44 U.S.C. §§ 3101, 3301, and to, "Protect the financial, legal, and other rights of the Government and of persons directly affected by the Government's actions..." 36 C.F.R. § 1222.24, *et seq.*, that is, sufficient to establish veracity in "...submit(ing) a verified statement that... states that [I] do[] not have a social security number..." as specified in Fed.R.Bankr.P. Rule 1007(f).

### Re: 11 U.S.C. § 110, Generally

With all due respect, the assertion in ACTING TRUSTEE'S MOTION, ¶ 14[10], *i.e.*, "Upon information and belief..."**{*Idem*}**, the Acting Trustee's "belief" is irrelevant, as is "**{National Justice and Mr. Kernan}** ...are believed to have provided legal services...", (Doc 81, "Page 4 of 6", first paragraph)**{[11]}**. The conclusory statements, ¶ 15, *i.e.*, "National Justice has not complied with the requirements of section 110..." and the

---

in the absence of such "request".
[10] Prepared for Acting United States Trustee, Region 4 Vetter by DOJ staff attorney Kristin Eustis.
**{[11] The bankruptcy court is required by Fed.R.Ev. Rule 201(c)(2) to take judicial notice of the adjudicative that the Acting Trustee specifically including my name in the very sentence using the plural, "...are believed...", having demonstrated lack of the requisite personal knowledge, Fed.R.Ev. Rule 602, and, in the absence of "... oath or affirmation", Fed.R.Ev.**

assertion that "...the $10,000.00 paid... is excessive for the services provided..." (Doc 81, "Page 4 of 6", first paragraph), are, respectively, challenged as improper, and the Acting Trustee's uninformed opinion re: "excessive" demonstrates a stunning lack of awareness with respect to the commonly understood meaning of "fair market value", *viz*, "a price at which buyers and sellers with a reasonable knowledge of pertinent facts and not acting under any compulsion are willing to do business".

Beyond being presumptuous and arrogant, the Acting Trustee's uninformed opinion, *i.e.*, a demonstrated lack of awareness as to my standard hourly rate ($ 250), is without support in the case record, which shows 1) an 11 page Adversary Complaint, incorporating 17 Footnotes referencing, on recollection, numerous Exhibits containing a total of 98 pages; a 12 page Amended Adversary Complaint (based upon a perceived clerk's inadvertent error regarding Exhibits); and a 19 page RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; with Exhibits consisting of 359 pages; and infers extensive time devoted to research, which included discovery of said downloaded and reviewed Exhibits; download and review of the entire District of Columbia Superior Court Register of Actions - 2015-CA-004562-R(RP) and review of records of the District of Columbia - Recorder of Deeds, together comprising well over 300 pages (referenced among the Footnotes previously mentioned), and more, ALL of which easily comprise well over 200 (two hundred) hours. Yet, the Acting Trustee deems the amount specified in ¶ 12 of ACTING TRUSTEE's MOTION and Exhibit A – calculated at less than 20% (twenty percent) of my standard hourly rate – to be "excessive".

I vehemently OBJECT.

By Eugene J Kernan, Trustee, N{a}tional Justice Center, and Eugene J. Kernan,

---

**Rule 603**, must be considered hearsay. **Fed.R.Ev. Rule 801(c).**}

Party in Interest, *in esse*; *In Propria Persona*, June 24, 2024.

Dated: _____June 24, 2024_____,
2024

*[signatures]*

## CERTIFICATE OF SERVICE

I hereby certify that on _____June 24, 2024_____, I sent a true and correct copy of JOINDER TO OBJECTION TO UNITED STATES TRUSTEE'S MOTION TO DISGORGE by first class United States mail, postage prepaid to the following:

Etenat Zegeye
3713 South George Mason Drive, #914W
Falls Church, VA 22041

Elizabeth M. Briones (DC Bar No. 888324983)
Troutman Pepper Hamilton Sanders LLP
401 9th Street, N.W., Suite 100
Washington, DC 20004

Benjamin Joseph Beatty
185 Admiral Cochrane Drive
Ste 240
Annapolis, MD 21401

Rebeca A. Herr, Chapter 13 Trustee
185 Admiral Cochrane Drive
Ste 240
Annapolis, MD 21401

Jessica Schulze
Intrepid Paralegal Solutions Inc
12410 Milestone Center Drive
Suite 600
Germantown, MD 20876

Gregory Mullen
BWW Law Group, LLC
6003 Executive Blvd., Suite 101
Rockville, MD 20852

Kristen S. Eustis
DC Bar No. MD28984
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

GERARD R. VETTER
Acting United States Trustee, Region 4
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

*/s/ Kristen S. Eustis, Trustee*

*/s/ Gerard R. Vetter*